FILED
at____O'clock &____min.____M
APR 1 1 2006

United States Bankruptcy Court
Columbia, South Carolina (30)

ENTERED
APR 1 2 2006
D.L.L.

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re:<br><br>Andrew J. Drahnak and<br>Jaqueline C. Drahnak,<br><br>　　　　　　　　Debtors.<br><br>W. Clarkson McDow, Jr., United States<br>Trustee for Region Four,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Andrew J. Drahnak and<br>Jaqueline C. Drahnak,<br><br>　　　　　　　　Defendants. | Case No. 06-00420-W<br><br>Chapter 13<br><br>Adv. P. No. 06-80044-W<br><br>**ORDER DENYING DISCHARGE** |

　　　　This adversary proceeding comes before the Court on the complaint of the United States Trustee ("UST") pursuant to 11 U.S.C.A. § 1328(f)(1) seeking to deny the debtors' discharge.[1] Jurisdiction for this proceeding is premised upon 28 U.S.C.A. §§ 1334(a,b), 157(a). This adversary proceeding is a core proceeding. 28 U.S.C.A. § 157(b)(2)(J).

　　　　This proceeding arises under Title 11 U.S.C.A. and arises in and relates to the chapter 13 bankruptcy case of *In re Andrew J. Drahnak and Jaqueline C. Drahnak*, Case No. 06-000420-W, pending before the court. Venue of this proceeding appropriately exists in this district. 28 U.S.C.A. § 1409(a). The UST has the authority to bring this action pursuant to his statutory authority as set forth at 28 U.S.C.A. § 586.

---

[1] Further reference to Title 11 U.S.C. § 101, *et seq.* will be by section number only.

The UST filed his complaint on February 9, 2006. Andrew J. Drahnak and Jaqueline C. Drahnak ("Defendants")filed their answer on March 13, 2006.

## FINDINGS OF FACT

The facts, which are not in dispute, are as follows:

1. W. Clarkson McDow, Jr., is the UST for Region Four.

2. Defendants are domiciled in the State of South Carolina, and are the debtors in this chapter 13 bankruptcy case (Case No. 06-00420-W) pending before this Court.

3. Defendants filed their voluntary chapter 13 bankruptcy case with this Court on February 3, 2006.

4. Previously, on May 13, 2003, Defendants filed a Chapter 7 bankruptcy case (Case No. 03-05934-W) with this Court.

5. On August 29, 2003, Defendants received a discharge in the prior Chapter 7 case.

6. Defendants filed their pending Chapter 13 case approximately two years and nine months after filing their previous case.

## CONCLUSIONS OF LAW

Section 1328(f) was enacted as a part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Pub. L. 109-8) ("BAPCPA"), which went into effect on October 17, 2005. Section 1328(f) provides, in relevant part, as follows:

> Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge--
> (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter . . . .

2

In this instance, Defendants initiated this chapter 13 proceeding less than four years after the date they obtained a discharge in their previous Chapter 7 case. In light of the circumstances, the UST argues that § 1328 (f)(1) makes Defendants ineligible for a discharge in their pending case.

Defendants argue, however, that prior to October 17, 2005, the date that § 1328(f) took effect, they had a right to file a chapter 13 case and receive a discharge in such a case. They contend that nothing in the BAPCPA abridged that right and even if it did, § 1328(f) would constitute a retrospective or retroactive law which violates their due process rights under the Constitution. This Court disagrees.

Although there is a presumption against retrospective laws, "a statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment or upsets expectations based in prior law. Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment." Landgraf v. USI Products 511 U.S. 244, 269 (1994).

In the case of Immigration and Naturalization Service v. Enrico ST. CYR, 533 U.S. 289, 321 (2001), the Supreme Court stated

> "The inquiry into whether a statute operates retroactively demands a commonsense, functional judgment about 'whether the new provision attaches new legal consequences to events completed before its enactment.' " *Martin,* 527 U.S. at 357-358, 119 S.Ct. 1998 (quoting *Landgraf,* 511 U.S., at 270, 114 S.Ct. 1483). A statute has retroactive effect when it " 'takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past . . . ' " [FN46] *Id.,* at 269, 114

3

S.Ct. 1522 (quoting *Society for Propagation of the Gospel v. Wheeler*, 22 F.Cas. 756, 767, No. 13,156 (C.C.D.N.H. 1814) (Story, J)). As we have repeatedly counseled, the judgment whether a particular statute acts retroactively "should be informed and guided by 'familiar considerations of fair notice, reasonable reliance, and settled expectations.' " *Martin*, 527 U.S., at 358, 119 S.Ct. 1998 (quoting *Landgraf*, 511 U.S.., at 270, 114 S.Ct. 1483).

Defendants' act of filing a Chapter 7 case and receiving a discharge did not provide Defendants with a vested right to file a future chapter 13 case and receive a discharge in that future case. When Defendants filed their 2003 case, there was no statutory prohibition to their filing a future Chapter 13 case and receiving a discharge; however, the absence of a statutory prohibition did not give rise to a vested right to file a future case and obtain a discharge despite an intervening change in existing law. The application of § 1328(f) to Defendants' pending case does not take away or impair the rights Defendants exercised or the benefits they received under the law existing at the time of their first bankruptcy case. Defendants' disappointment that the law has changed does not justify a finding that the application of § 1328(f) to their current case violates the Constitution.

The Court concludes, therefore, that pursuant to § 1328(f)(1) Defendants must be denied a discharge in this case. For these reasons, Defendants' discharge in their pending Chapter 13 case is denied pursuant to § 1328(f)(1).

**AND IT IS SO ORDERED.**

UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
April 11, 2006